UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALESHEA DAVENPORT,

                Plaintiff,

v.                                                   Case No. 14-2124-JAR

WALMART STORES, INC.,

                Defendant.

## **REPORT AND RECOMMENDATION**

The pro se plaintiff, Alashea Davenport, has moved to proceed with this action *in forma pauperis* (**ECF doc. 3**), asking for relief from the fee to file her employment discrimination complaint against defendant Walmart Stores, Inc. Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[1] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] The decision to grant or deny *in*

---

[1] *United States v. Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

[2] *Green v. Suthers*, No. 99-1447, 208 F.3d 226, 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

*forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[3]

Plaintiff's affidavit provides minimal information about her financial status. It states that plaintiff is unemployed, owns real property, and owns two automobiles worth a net present value of $25,000. Plaintiff also indicates that she has received gifts or inheritances in the last twelve months as well as at least $1,150 in social security benefits. However, it is not clear whether the $1,150 in social security benefits is per month or for the year in total. Plaintiff also does not indicate what amount in gifts or inheritances she has received in the last year. Despite claiming to have $0 cash on hand or money in a checking or savings account, plaintiff lists absolutely no monthly expenses, debts, or any other financial obligations. This alone, without more, is insufficient to show defendant is financially unable to pay the required filing fees. The court is unable, based upon the information provided, to adequately assess plaintiff's financial circumstances in order to make a determination of her suitability for *in forma pauperis status.* The court, therefore, finds that the affidavit is insufficient to support plaintiff's application, and, as a result, will deny her application for *in forma pauperis* status without prejudice.

Because this denial will be without prejudice, plaintiff shall have leave of court to file a new application for *in forma pauperis* status including a completed affidavit supplying the information missing or incomplete, as well as any other information that

---

[3] *Garcia*, 164 Fed. App'x at 786 n.1.

might be pertinent to the court's determination of whether to allow plaintiff to proceed *in forma pauperis* in this case. Plaintiff should make every effort to read each section of the application carefully, and to answer each applicable question contained in the form affidavit in as complete a manner as possible.

Accordingly, pursuant to *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005),[4] the undersigned U.S. magistrate judge hereby issues this report and recommendation to the presiding U.S. District Judge, Julie A. Robinson, that plaintiff's motion to proceed *in forma pauperis* be denied without prejudice and plaintiff be granted leave to file a new application for *in forma pauperis* status, supported by a completed financial affidavit as supplied by this court.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If plaintiff does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated March 17, 2014, at Kansas City, Kansas.

---

[4]Because denial of *forma pauperis* is a dispositive decision, the magistrate judge should issue a report and recommendation to the district judge rather than deciding the issue outright.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge