# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALESHEA DAVENPORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 14-CV-2124-JAR-JPO |
| WAL-MART STORES, INC. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Aleshea Davenport, proceeding *pro se* and *in forma pauperis*, filed this employment discrimination action against Defendant Wal-Mart Stores, Inc. based on three federal claims: (1) Title VII of the Civil Right Act of 1964 ("Title VII"), (2) the Age Discrimination in Employment Act of 1967 ("ADEA"), and (3) the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff also asserts a malicious prosecution claim under state law. This case comes before the Court on Defendant's Motion to Dismiss (Doc. 11). The matter is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court **denies** Defendant's motion without prejudice.

**I.    Standards**

Because Plaintiff is a *pro se* litigant, the court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[1] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[2] The court need only accept as true the plaintiff's "well-

---

[1] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[2] *Id.*

pleaded factual contentions, not his conclusory allegations."[3]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.

   *1.   12(b)(1)*

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[4]  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[5]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[6]  "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[7]  Mere conclusory allegations of jurisdiction are not enough.[8]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.

> First, a facial attack on the complaint's allegations as to subject
> matter jurisdiction questions the sufficiency of the complaint.  In
> reviewing a facial attack on the complaint, a district court must

---

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[4]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[5]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[6]*Montoya*, 296 F.3d at 955.

[7]*Harms*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[8]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

accept the allegations in the complaint as true.[9] Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).[10]

### *2.    12(b)(6)*

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[11] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[12] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[13] but requires more than "a sheer possibility."[14]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[15] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court

---

[9]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[10]*Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[11]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[12]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[13]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14]*Id.*

[15]550 U.S. 544 (2007).

3

stated 'will not do.'"[16] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[17]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[18] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[19] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]

### 3. 12(b)(5)

When a defendant moves to dismiss an action because of insufficiency of service of process, the plaintiff has the burden of proving the validity of service of process.[22] Service of process must be effected in accordance with Federal Rule of Civil Procedure 4(h), which states

---

[16]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[17]*Id.* (citing *Twombly*, 550 U.S. at 556).

[18]*Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949–50.

[19]*Id.* at 1950.

[20]*Id.*

[21]*Id.* at 1949.

[22]Fed. R. Civ. P. 12(b)(5); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

that service upon a corporation must be effected:

> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.[23]

Subdivision (e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[24] Therefore Plaintiff may serve Defendant according to Rule 4 or according to Kansas law. Service of process in Kansas is governed by K.S.A. § 60-304 and may be made upon a corporation by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof, or (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.[25]

**II.   Discussion**

Defendant moves for dismissal based on improper service, failure to exhaust administrative remedies related to Plaintiff's federal law claims, and failure to state a claim for malicious prosecution. The Court will address each argument in turn.

---

[23] Fed. R. Civ. P. 4(h)(1)(A)–(B)

[24] Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

[25] Kan. Stat. Ann. § 60-304(e).

### *1.     Improper Service*

Defendant contends that this case should be dismissed for insufficiency of service of process because Plaintiff has failed to show that service was proper under federal law or Kansas law. Here, Plaintiff served law firm, Littler Mendelson, P.C., ("Littler"), which represents Defendant in connection with matters before the United States Equal Employment Opportunity Commission (the "EEOC"). Plaintiff does not show that Littler was a managing or general agent or officer of Defendant. The U.S. Marshals mailed the summons to the business address of Littler, not to Defendant's business address. Defendant denies that Littler was authorized by appointment or law to receive service of process for Defendant in this action. In fact, service of process on an attorney is not effective absent some evidence that the attorney was authorized to accept service on behalf of the party.[26] Plaintiff offers no showing that Littler was authorized to accept service.

Initially, the Court notes that the Motion to Dismiss was filed prior to the expiration of the time limit for service of process. Under Rule 4(m) of the Federal Rules of Civil Procedure, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must either dismiss the action without prejudice, or direct that service be effected within a specific time.[27] However, if the plaintiff shows good cause for the

---

[26]*See United States v. 51 Pieces of Real Property, Rosewell, N.M.*, 17 F.3d 1306, 1313 (10th Cir. 1993) (citing *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2nd Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective . . . ."); *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as an attorney.")); *see also Arthur v. Litton Loan Serv. LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002) ("The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred.")

[27]Fed. R. Civ. P. 4(m).

6

failure, then the court must allow additional time to effect service.[28]  In an April 04, 2014 Order granting Plaintiff leave to proceed *in forma pauperis*, Judge O'Hara directed plaintiff "to provide the addresses of all named defendants by no later than April 25, 2014, so that the Clerk of the Court may proceed with service of process."[29]  The U.S. Marshals then issued a summons as to Defendant at the address of Littler; and, the summons was executed by certified mail on April 17, 2014.  Through no fault of Plaintiff's, the U.S. Marshals performed service of process prior to Plaintiff's deadline for providing an address for Defendant.  Also, it appears that Plaintiff did not receive the Order issued by Judge O'Hara.[30]  Accordingly, the Court finds that there is good cause why this case should not be dismissed for ineffective service.

Having filed this action on March 17, 2014, Plaintiff was required to serve Defendant on or before July 15, 2014 under Rule 4(m).  Given that Plaintiff was not responsible for the insufficient service, the Court will allow Plaintiff until August 11, 2014 to provide the appropriate address for service upon Defendant and to cure the defects in the Complaint described below.[31]

### 2. *Exhaustion of Title VII, ADEA, ADA Claims*

Plaintiff brought her federal claims under Title VII, the ADEA, and the ADA. Exhaustion of administrative remedies is a jurisdictional prerequisite to filing a lawsuit under

---

[28]*Id.*

[29]Doc. 8.

[30]The certified mail receipt for that Order was returned unclaimed on May 08, 2014.  (Doc. 10).

[31]*See Garland v. State of Kansas Dept. of Revenue*, No. 93-4241-SAC, 1994 WL 66614 (D. Kan. Jan. 31, 1994) (where alleged defects cannot be blamed on plaintiff, the Court will instruct the Clerk's Office and U.S. Marshal to correct the defects in service without dismissing the action.).

each of these federal statutes.[32]  Under Title VII and the ADA, the person must file a charge of discrimination with the EEOC or an authorized state agency and receive a right to sue letter based on that charge before commencing a civil action.[33]  A right to sue letter is not a prerequisite to suit under the ADEA, but a plaintiff must wait at least sixty days after filing a charge with the EEOC to commence a civil action under the ADEA.[34]  In determining whether a plaintiff has exhausted administrative remedies, a court must "determine the scope of the allegations raised in the EEOC charge because [a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."[35]  Because failure to exhaust is a bar to subject matter jurisdiction, the burden rests on the plaintiff to show that she exhausted her administrative remedies.[36]

Defendant argues that dismissal is appropriate because Plaintiff failed to exhaust her administrative remedies.  Plaintiff attempts to plead that she exhausted her administrative remedies but does not meet the burden.  Plaintiff attached to her Complaint a "Notice of Charge of Discrimination," dated February 4, 2011, which addressed discrimination alleged to have ended on December 27, 2010.  However, Plaintiff alleges in her Complaint that she filed a Charge of Discrimination on March 17, 2014 with the EEOC for discrimination that took place

---

[32]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 665 (D. Kan. 2014).

[33]*Shikles,* 426 F.3d at 1317; *Jones*, 502 F.3d at 1183.

[34]29 U.SC. § 626(d)(1)*; Shikles,* 426 F.3d at 1317.

[35]*Jones*, 502 F.3d at 1186.

[36]*McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

from November of 2008 to December of 2009.  The discrepancy in dates of the discriminatory conduct alleged in the Notice of Charge of Discrimination and the Complaint is one of many issues that the Court has encountered in its attempt to resolve the jurisdictional inquiry. Although Plaintiff alleges that she received a right to sue letter, she failed to attach the letter to the Complaint.  Failure to attach a right to sue letter to the complaint alone does not warrant dismissal.  However, the right to sue letter assists courts in establishing whether the complaint has been timely filed before the EEOC or other authorized agency and whether the plaintiff timely commenced her civil action.[37]  Given that the Court cannot definitively ascertain: (1) when Plaintiff alleges the discriminatory conduct occurred, (2) if Plaintiff filed a charge of discrimination related to the claims before the Court, (3) if Plaintiff received a right to sue letter from the EEOC, and (4) the scope of the EEOC's administrative investigation, if any, the Court cannot determine whether Plaintiff exhausted her administrative remedies nor whether such exhaustion was timely.[38]  Accordingly, the Court will grant Plaintiff leave to amend her Complaint by August 11, 2014 regarding her Title VII, ADEA, and ADA claims by confirming the date for the alleged discriminatory action taken against her and attaching a right to sue letter.[39]

---

[37] *See Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003) (internal citation omitted) (explaining that a plaintiff's Title VII discrimination claim is timely filed if brought before the EEOC within 300 days of the alleged discrimination and suit is brought within ninety days of receipt of the determination letter from the EEOC); *Scott v. Boeing Co.*, 48 F. App'x 730, 731 (10th Cir. 2002) ("both Title VII and the ADA require a plaintiff to file an action within ninety days of the issuance of a right to sue letter"); *Adams v. Burlington N. R. Co.*, 838 F. Supp. 1461, 1467 (D. Kan. 1993) (internal citations omitted) (explaining that an ADEA plaintiff must file her complaint: (1) within 180 days of the alleged unlawful discrimination; or (2) within 300 days of the alleged unlawful act if the alleged discriminatory act is subject to a state statute prohibiting age discrimination or within thirty days after the receipt of notice that the state proceedings have been terminated, whichever is earlier).

[38] *Id.*

[39] *Id.*

### *3. Malicious Prosecution*

Defendant argues that dismissal is appropriate because Plaintiff has failed to state a claim for malicious prosecution.

> Under Kansas law, a plaintiff must prove the following elements to maintain an action for malicious prosecution: that the defendant initiated, continued or procured civil proceedings against the plaintiff; that the defendant acted without probable cause in so doing; that the defendant acted with malice; that the proceeding terminated in favor of the plaintiff; and that the plaintiff sustained damages.[40]

As to this action, Plaintiff's claim must fail because she initiated civil proceedings against the Defendant. Furthermore, Plaintiff has not alleged any facts showing that Defendant initiated, continued, or procured any other civil proceedings against her. Instead, Plaintiff alleges in a conclusory fashion that her claims are based on malicious prosecution. Accordingly, the Court also grants Plaintiff leave to amend her state law claim for malicious prosecution to provide the factual basis for her claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 11) is **DENIED** without prejudice**.**

**IT IS FURTHER ORDERED** that Plaintiff shall properly amend her Complaint and with an attached right to sue letter and properly effect service of process with the First Amended Complaint by August 11, 2014.

Dated: July 9, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

---

[40]*Wedel v. Petco Animal Supplies Stores, Inc.*, No. 13-CV-2298-JWL, 2013 WL 5819746, at *3 (D. Kan. Oct. 29, 2013) (citing *In re Landrith*, 124 P.3d 467, 484 (Kan. 2005)).

UNITED STATES DISTRICT JUDGE